UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11cv11

| | | |
|---|---|---|
| RALPH WILSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| MICHAEL BELL, Superintendent of | ) | |
| PenderCorrectional Institution | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Petitioner Ralph Wilson's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus (Doc. No. 1) and his "Application to Proceed in District Court Without Prepaying Fees or Costs" (Doc. No. 1-2), both filed on January 17, 2011.[1]

This Court turns first to Petitioner's application to proceed with his habeas corpus petition without having to pay the $5.00 filing fee required by 28 U.S.C. § 1914(a). In support of his application, Petitioner included a copy of his certified inmate trust account statement, which indicates that in October 2010, he deposited $50.00 into his account and in December 2010, he deposited $100.00 into his account. As of January 9, 2011, the balance in his trust account was $47.41. (Doc. No. 1-2 at 6-7). Based on Petitioner's trust account statement, it

---

[1] Although this Petition was received at the Court and filed by the Clerk on January 27, 2011, such document contained a certification that it was placed in his Prison's mailing system on January 17, 2011. Consequently, pursuant to the "mail box rule" articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Petition as having been filed on January 17, 2011.

1

appears that he has sufficient resources from which to pay the $5.00 filing fee for this matter. Accordingly, Petitioner's Application will be denied.

Turning now to the habeas petition itself, this Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts promptly to examine habeas petitions. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. For the reasons stated herein, Petitioner's case will be dismissed as time-barred.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

A review of the form motion reflects that on September 7, 2006, Petitioner was convicted of possession with intent to sell and deliver cocaine, possession of a firearm by a felon, and being a habitual felon and was sentenced to 144 to 177 months imprisonment. Petitioner appealed and on November 6, 2007, the North Carolina Court of Appeals found there was no error as to Petitioner's trial. State v. Wilson, 186 N.C. App. 681 (November 6, 2007). Petitioner then filed three other motions that were denied: 1) on March 9, 2010, a Motion for Appropriate Relief (MAR) in the Iredell County Superior Court ("MAR"), which was denied on June 15, 2010; 2) a petition for writ of certiorari in the North Carolina Court of Appeals on May 28, 2010, which was denied on June 23, 2010; and 3) a petition for discretionary review in the North Carolina Supreme Court, which was denied on July 27, 2010. Finally, Petitioner filed the instant habeas petition on January 17, 2011.

**II.   ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the AEDPA), effectively amending 28 U.S.C. § 2254 by imposing a one-year limitation period on habeas petitions as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B)  the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

PL 104-132, April 24, 1996, SEC. 101. The AEDPA further provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Id.

Here, in accordance with part (A), the time period for filing a 2254 petition started running on the date when the judgment of conviction becomes final at the end of direct review. See id.; see also Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought). As outlined above, Wilson sustained his conviction on September 7, 2006 and his direct appeal was denied on November 6, 2007. According to his *pro se* petition, Wilson did not appeal to the Supreme Court of North Carolina after denial by the North Carolina Court of Appeals. Because there was no further direct review in Petitioner's case, it became final 35-days later. See Saguilar v. Harkleroad, 348 F. Supp. 2d 595 (M.D.N.C. 2004) (conviction final on

3

direct review 35 days after North Carolina Court of Appeals' opinion where petitioner does not file timely petition for discretionary review to Supreme Court of North Carolina), *appeal dismissed*, 145 Fed. Appx. 444 (4th Cir. 2005); Headen v. Beck, 367 F. Supp. 2d 929 (M.D.N.C. 2005) (same). Even if Petitioner was only subject to the 90-day period for filing a writ of certiorari to the U.S. Supreme Court, his one-year limitations period would have began to run on February 5, 2008, and the one-year deadline would have been reached on February 5, 2009. Petitioner, however, did not file this petition until January 17, 2011. Thus, in the absence of any intervening circumstances that could toll his one-year deadline, Petitioner failed to meet the deadline. See Hernandez v. Caldwell, 225 F.3d 439 (4th Cir. 2000) (noting the 1-year limitations period set forth by the AEDPA); Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000) (same); see also 28 U.S.C. § 2244(d)(1) (noting that the 1-year limitations period begins on "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review").

As for tolling, Petitioner initiated his (ultimately unsuccessful) collateral review proceeding in the North Carolina courts on March 9, 2010 by filing a MAR. While the AEDPA entitled the Petitioner to have the limitations period tolled for the brief period during which he was pursuing State collateral review, the Petitioner's one-year period had already expired before he even began collateral review. Therefore, Petitioner's pursuit of collateral review simply came too late for it to have any impact on this Court's calculations. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation of State collateral review is not tolled from one-year limitations period).

Further, Question 18 on the 2254 form-petition directs petitioners whose judgments of conviction became final more than one year ago to "explain why the one-year statute of

limitations as contained in 28 U.S.C. § 2254(d) does not bar your Petition." In response to that question, Petitioner advises the Court that "[r]egardless of the one year statute of limitations it would be a great miscarriage of justice for the court not to hear and grant petitioner relief." [2] (Doc. No. 1 at 14). Petitioner's conviction and sentence became final on February 4, 2008, and he had one year from then to file his habeas petition. Petitioner's plea that the Court hear and grant his Petition anyway falls far short of establishing a statutory basis for excusing his delay in filing his Petition.

Moreover, as to equitable tolling, the Fourth Circuit Court of Appeals has stated that such tolling is allowed in "those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitations period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc), *cert. denied*, 125 S.Ct 209 (2004). See also United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004). Here, however, Petitioner simply states that this Court should hear and grant him relief notwithstanding the one-year limitations period. (Doc. No. 1 at 14). Petitioner has not articulated any rare circumstances in which it would be unconscionable to deny equitable tolling. Therefore, equitable tolling is not available for the Petitioner. See Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (neither petitioner's unfamiliarity with legal process nor his lack of representation during applicable filing period merits equitable tolling of the one-year period of limitation on federal habeas petitions, regardless of whether this

---

[2] Because Petitioner responded to Question 18, no notice is required pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). Moreover, the Court finds Bilal v. North Carolina, 287 Fed. App'x 241 (4th Cir. 2008) distinguishable. In Bilal, the Fourth Circuit concluded that the district court's sua sponte dismissal of Petitioner's § 2254 petition was inappropriate, in part, because Petitioner's response of "N/A" to question 18 on his form petitioner was ambiguous. Here, Petitioner did not respond "N/A" to question 18 and his response is not otherwise unclear.

5

unfamiliarity is due to illiteracy or any other reason), *cert. denied*, 528 U.S. 1007 (1999).

**III. CONCLUSION**

The Petitioner has failed to demonstrate that his habeas Petition was timely filed in this Court or that the Court should allow his untimely Petition based on principles of equitable tolling. Accordingly, such Petition must be DENIED.

**THEREFORE, IT IS HEREBY ORDERED** that:

(1) Petitioner's Application to Proceed in District Court Without Prepaying Fees of Costs (Doc. No. 1-2) is **DENIED**;

(2) No later than twenty (20) days from the filing of this Order, Petitioner shall remit his $5.00 filing fee to the Court.

(3) Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** as untimely.

(4) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

**SO ORDERED.**    Signed: February 22, 2011

_Robert J. Conrad, Jr._
Robert J. Conrad, Jr.
Chief United States District Judge